1

2

3

4

5

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

6

TERESA TITUS, as an individual and as a
representative of the class,

No.

7

Plaintiff,

**CLASS ACTION COMPLAINT**

8

v.

9

ZESTFINANCE, INC., BLUECHIP
FINANCIAL, and DOUGLAS MERRILL,

**JURY TRIAL DEMAND**

10

Defendants.

11

12      Plaintiff Teresa Titus ("Plaintiff"), by and through her undersigned counsel, respectfully

13   files this Class Action Complaint on behalf of herself and class of similarly situated individuals

14   against Defendants ZestFinance, Inc., BlueChip Financial, and Douglas Merrill for engaging in

15   a scheme to make usurious loans in violation of Washington law and the laws of many other

16   states.

17                          **I.  GENERAL ALLEGATIONS**

18      1.      This is a case about a scheme to make online short terms loans (commonly called

19   "payday loans") that carry triple-digit interest rates, often exceeding 400%, and are illegal in

20   many states, including Washington.

21      2.      Payday loans often target vulnerable borrowers and, left unregulated, can

22   economically devastate borrowers and their communities. *See Johnson v. Cash Store*, 68 P.3d

23   1099, 1105-06 (Wash. Ct. App. 2003) (describing the "debt treadmill" that traps consumers in a

24

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  "vicious cycle of indebtedness" and noting that a payday lender "has no regard for the

2  disastrous economic effect of his illegally high rates").

3      3.     In recent years, payday lenders have concocted various schemes to make high-

4  interest loans over the internet while avoiding state usury laws.

5      4.     In one scheme—the so-called "rent-a-bank" strategy—payday lenders convinced

6  banks headquartered in states with high (or nonexistent) usury limits to form a lending venture

7  in order to capitalize on the fact that the bank was obligated to comply only with the usury law

8  of its home state, even for loans made elsewhere.

9      5.     Federal banking regulators shut down these "rent-a-bank" schemes. Michael A.

10  Stegman, *Payday Lending*, 21 JOURNAL OF ECONOMIC PERSPECTIVES 169, 178-79 (2007)

11  (describing rent-a-bank scheme and regulatory reaction).

12      6.     Some payday lenders have since developed a new method to attempt to avoid

13  state usury laws—the "rent-a-tribe" scheme.

14      7.     In a rent-a-tribe scheme, the payday lender—which does most of its lending over

15  the internet—affiliates with a Native American tribe to attempt to insulate itself from federal

16  and state law by piggy-backing on the tribe's sovereign legal status and its general immunity

17  from suit under federal and state laws.

18      8.     Like its predecessors, this scheme is doomed to fail, because even a cursory

19  examination of the underlying relationship between the payday lender and the tribe

20  demonstrates that the relationship is insufficient to permit the lender to avail itself of the tribe's

21  immunity.

22      9.     Rent-a-tribe schemes are not designed to promote tribal business but instead are

23  contrivances aimed at avoiding state usury law, with the vast majority of the revenues going to

24

CLASS ACTION COMPLAINT - 2

non-tribal entities.

10.     In recent years, these rent-a-tribe schemes have come under increasing scrutiny from regulators, with one prominent perpetrator convicted and sentenced to 16 years in prison related to federal racketeering and truth-in-lending laws.[1]

11.     This case is about such a rent-a-tribe scheme. In this case, non-tribal entities ZestFinance and Douglas Merrill provided the capital, marketing, underwriting, and other resources for BlueChip Financial dba Spotloan ("BlueChip"), a purported tribal entity in North Dakota that makes usurious loans to Washington residents and to persons located throughout the United States.

12.     The Washington Department of Financial Institutions has found that BlueChip was not licensed in the state of Washington to make loans or registered to conduct business in Washington.[2]

13.     Nevertheless, Defendants have and continue to make and collect usurious loans to Washington residents.

14.     Plaintiff, on behalf of herself and the Washington Class set forth below, seeks to recover damages and penalties for the usurious interest and fees charged by Defendants to Washington residents.

15.     Plaintiff also seeks to recover damages on behalf of herself and the RICO Class set forth below.

## II.  JURISDICTION AND VENUE

16.     The Court has jurisdiction over Plaintiff's Racketeer Influenced and Corrupt Organizations ("RICO") claims under 18 U.S.C. § 1965 and 28 U.S.C. § 1331 and supplemental

---

[1] *See* www.justice.gov/usao-sdny/pr/scott-tucker-sentenced-more-16-years-prison-running-35-billion-unlawful-internet-payday.
[2] *See* dfi.wa.gov/consumer/alerts/bluechip-financial-not-licensed-washington.

CLASS ACTION COMPLAINT - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. The court also has jurisdiction under the Class Action Fairness Act because Plaintiff is a Washington citizen, at least one defendant is not a Washington citizen, the matter in controversy exceeds $5,000,000, and there are at least 100 class members.

17.     Venue is proper in this Court under 28 U.S.C. §§ 1391 because a substantial part of the events giving rise to the claim occurred in this District.

### III.  PARTIES

18.     Plaintiff Teresa Titus is a natural person who resides in Ridgefield, Washington.

19.     Defendant Douglas Merrill is a natural person residing in California.

20.     Defendant ZestFinance, Inc. is Delaware corporation headquartered in Los Angeles, California.

21.     Defendant BlueChip Financial dba Spotloan is purportedly a tribal corporation located in Belcourt, North Dakota, and incorporated under the laws of the Turtle Mountain Band of Chippewa Indians.

### IV.  SERVICE ON THE ATTORNEY GENERAL

Counsel for Plaintiff are causing a copy of this pleading to be served contemporaneously with this filing on the Attorney General of Washington in accordance with RCW 19.86.095.

### V.  WASHINGTON USURY LAWS

22.     Washington's usury laws were "enacted in order to protect the residents of this state from debts bearing burdensome interest rates" and "in recognition of the duty to protect our citizens from oppression." RCW 19.52.005.

23.     In Washington, the maximum allowable interest rate is twelve percent per annum. RCW 19.52.020(1); *see also* RCW 19.52.025; State Maximum Interest Rate, *available*

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*at* http://leg.wa.gov/CodeReviser/Documents/rates.htm. "No person shall directly or indirectly take or receive in money, goods, or things in action, or in any other way, any greater interest for the loan or forbearance of any money, goods, or things in action." RCW 19.52.020(1).

24.     If interest greater than the statutory maximum of twelve percent is directly or indirectly contracted for, received, or reserved, the contract is usurious. RCW 19.52.030.

25.     If a usurious interest rate is charged, the creditor shall be entitled to collect only the principal amount of the loan, less the amount of interest accruing thereon, and if any interest was actually paid, the creditor shall be entitled to collect only the principal amount less twice the amount of the interest paid and less the amount of all accrued but unpaid interest. RCW 19.52.030. A plaintiff may seek application of these statutory penalties by bringing an action under RCW 19.52.032.

26.     RCW Chapter 19.52 applies to loans made to any person residing in Washington at the time the loan was made, regardless of the location where the loan was made. RCW 19.52.034.

27.     In addition to a statutory usury claim entitling a plaintiff to recover the penalties provided in RCW 19.52.030, entering into or transacting a usurious contract constitutes a per se unfair act or practice in the conduct of commerce for purposes of establishing a claim under the Washington Consumer Protection Act. RCW 19.52.036.

## VI.  DEFENDANTS' SCHEME TO AVOID USURY LAWS

28.     Defendants operate a rent-a-tribe scheme that charges up to 490% annual interest on short term loans.[3]

29.     In 2009, former Google Chief Information Officer Douglas Merrill founded ZestFinance, which was then known as ZestCash, and which is now known as Spotloan.

---

[3] *See* www.spotloan.com/how-spot-loans-work.

CLASS ACTION COMPLAINT - 5

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

30.     ZestFinance wants to "reinvent[] the process of giving loans" and "to apply Google-like math to reinvent how credit decisions are made."[4]

31.     ZestCash, using its proprietary underwriting software, began making high-interest loans over the internet.

32.     By mid-2012, ZestCash was rebranded as "Spotloan."

33.     In an effort to avoid state usury laws, in 2012, Merrill and ZestFinance affiliated with the Turtle Mountain Band of Chippewa Indians (the "Tribe") located in Belcourt, North Dakota.

34.     At the direction of Merrill and ZestFinance, a tribal entity, BlueChip Financial, was created to serve as a front to disguise ZestFinance and Merrill's role in making usurious loans.

35.     BlueChip immediately began making loans using the "Spotloan" tradename.

36.     Under the scheme, loans are made in the name of "Spotloan c/o BlueChip Financial," but ZestFinance and Merrill provide the infrastructure to market, fund, underwrite, and collect on the loans, including the underwriting software.

37.     ZestFinance and Merrill have received significant financing from Victory Park Capital Advisors, a hedge fund that has funded other rent-a-tribe payday lending schemes.[5]

38.     The primary lending and collection operations of BlueChip are not operated on tribal land or on tribal property. For example, payments on the loans are not made to BlueChip on tribal lands, but instead are sent to a PO Box located in Palatine, Illinois. Further, BlueChip's CEO works in San Diego, California.

39.     The Tribe has little or no control over how the loans are financed or

[4] *See* www.zestfinance.com/our-team.
[5] *See* www.foxbusiness.com/features/think-finance-bankruptcy-exposes-fallout-with-victory-park-capital.

CLASS ACTION COMPLAINT - 6

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  underwritten. ZestFinance provides all of the underwriting services for the loans.

2  40.      The Tribe receives only about one percent of the profits from the lending

3  activities while 99% percent of the profits go to ZestFinance and other non-tribal entities.

4  41.      Despite not being operated or controlled by the Tribe, Defendants purport to

5  represent to consumers that state laws designed to protect consumers from usurious loans do not

6  apply to their loans from Defendants. For example, Defendants' form loan agreements state

7  that: "By signing this Loan Agreement, you agree that the laws of the Tribe will apply to the

8  Loan Agreement, and understand that United States state law does not apply to the Loan

9  Agreement in any way."

10  42.      This scheme has been very successful. Defendants have made over 500,000

11  loans since 2012.

12  43.      In 2016, BlueChip was ordered to cease and desist from lending in Illinois by the

13  Illinois Department of Financial and Professional Regulation for not having a license to lend in

14  Illinois.[6]

15  44.      In 2017, the Washington Department of Financial Institutions issued a warning

16  to consumers that BlueChip was not licensed in the state of Washington or registered to conduct

17  business in Washington.[7]

18  **VII.  PLAINTIFF TITUS' EXPERIENCE**

19  45.      Plaintiff Teresa Titus is a 60-year-old grandmother who resides in Ridgefield,

20  Washington. Since approximately 1990, Ms. Titus has been receiving Social Security Disability

21  payments as a significant source of her income. She has also worked for various attorneys as a

22  contract paralegal for more than twenty years. In addition, for the past six or seven years, Ms.

23  ---

[6] *See* www.idfpr.com/DFI/CCD/Discipline/BluechipFinancialCDOrder.pdf.
24  [7] *See* dfi.wa.gov/consumer/alerts/bluechip-financial-not-licensed-washington.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Titus has worked part-time as a bookkeeper for an internet company, a job for which she is paid a flat monthly rate.

46.     After divorcing her abusive ex-husband in 1993, raising her son alone after her ex-husband went to prison, enduring further abuse at the hands of a physician, and mourning the death of her father, Ms. Titus decided she needed a fresh start. She moved from her native California to Washington in 2005.

47.     Ms. Titus purchased property in Ridgefield, Washington in 2005 and built a house on the property. Ms. Titus lived in that house for more than 12 years. However, she fell behind on her mortgage payments.

48.     Trying to save her house, Ms. Titus hired an attorney to help her file for Chapter 13 bankruptcy. In 2014, she filed her bankruptcy action. After filing the action, she learned that Wells Fargo wanted to work with her to settle its potential foreclosure claims against her. Despite ultimately dismissing the bankruptcy action in April 2015, she had to pay her bankruptcy attorney $5,000 in fees, on top of the amounts she still owed on her mortgage.

49.     Wells Fargo subsequently offered Ms. Titus a loan modification that *in*creased her monthly payments. Ms. Titus could not afford to pay the increased amount. Wells Fargo filed a foreclosure action against Ms. Titus in 2015. In trying to save her home by challenging Wells Fargo's entitlement to foreclose on her property, Ms. Titus incurred additional attorneys fees.

50.     In the course of trying to save her home while also paying her basic living expenses, Ms. Titus quickly incurred more debts than she could afford to pay on her limited income. Facing dire financial circumstances, on December 7, 2015, she applied for a loan on www.spotloan.com.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

51.     As part of her application, Ms. Titus entered in her Washington residential address.

52.     She was approved for a loan for $800.00. The loan had an annual interest rate of 390%. To pay off the entire loan, Ms. Titus would have to pay a total of $1,787.88 over the course of the loan.

53.     On December 8, 2015, $800 was deposited into her bank account by "Spotloan DB."

54.     By June 2016, Ms. Titus had paid Defendants a total of $1,492.97 on her December 2015 loan. But when she could no longer afford her payments on the loan, she had to take out another loan to cover her payments on the first loan. Over the course of the next year, Ms. Titus suffered from this debt treadmill whereby she had to take out new loans in order to pay back old loans.

55.     In addition to her original loan, Ms. Titus took out loans from Defendants in June 2016 ($600), November 2016 ($800), and April 2017 ($800). These loans had interest rates ranging from 420% to 460%.

56.     Since early 2016, Ms. Titus has paid $5,976.04 to Defendants toward her $3,000 principal in Bluechip/Spotloan loans. Ms. Titus has also paid $105 in overdraft fees associated with automatic bank account debits for her Bluechip/Spotloan payments.

57.     Defendants are still attempting to collect additional payments from Ms. Titus.

## VIII.  CLASS ACTION ALLEGATIONS

58.     Plaintiff asserts her claims on behalf of the proposed Washington Class defined as follows:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

> All Washington residents from whom Defendants collected or
> attempted to collect loans and/or who engaged in a loan
> transaction with Defendants in the four years preceding the filing
> of this complaint to the date that the class list is created.

2

3

59.   Plaintiff asserts her claims on behalf of the proposed RICO Class defined as

4

follows:

5

> All United States residents from whom Defendants collected or
> attempted to collect loans and/or who engaged in a loan
> transaction with Defendants in the four years preceding the filing
> of this complaint to the date that the class list is created.

6

7

8

**B.   Numerosity**

9

60.   At this time, Plaintiff does not know the exact number of members of the

10

Classes; however, given the volume of Defendants' business, there are likely thousands of

11

members of each Class. Thus, the Classes are so numerous that joinder of all members is

12

impracticable.

13

**C.   Commonality**

14

61.   There are numerous common questions of law and fact common to Plaintiffs and

15

members of the Classes. These questions include but are not limited to the following:

16

a.   Whether Defendants violated Washington usury laws;

17

b.   Whether Defendants are protected by tribal sovereign immunity;

18

c.   Whether Defendants engaged in unfair or deceptive acts or practices;

19

d.   Whether Defendants' unfair or deceptive acts or practices affected the

20

public interest;

21

e.   Whether Defendants' unfair or deceptive acts or practices caused injury

22

to property;

23

f.   Whether Defendants violated RICO by charging interest rates more than

24

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    twice the legal limit under state law;

2            g.    The proper measure and amount of damages for the Classes.

3    **D.    Typicality**

4    62.    Plaintiff's claims are typical of the claims of the Classes. Plaintiff, like members

5    of the Classes, took out usurious loans from Defendants. Thus, Plaintiff's claims, like the claims

6    of the Classes, arise out of the same common practices of conduct by Defendants and are based

7    on the same legal and remedial theories.

8    **E.    Adequacy**

9    63.    Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff

10   has compentent and capable attorneys who are experienced trial lawyers with significant

11   experience litigating complex class actions. Plaintiff and her counsel are committed to

12   prosecuting this action vigorously on behalf of the Classes and have the financial resources to

13   do so. Neither Plaintiff nor her counsel has interests that conflict with the Classes.

14   **F.    Injunctive Relief**

15   64.    The Class meets the requirements for certification to obtain injunctive or

16   equitable relief under Fed. R. Civ. P. 23(b)(2), as Defendants have acted or refused to act on

17   grounds generally applicable to the Classes, thereby making appropriate final injunctive or

18   equitable relief with respect to the Classes as a whole. Prosecution of separate actions by

19   individual members of the Classes would create the risk of inconsistent or varying adjudications

20   with respect to individual members of the Classes that would establish incompatible standards

21   of conduct for Defendants.

22   **G.    Predominance and Superiority**

23   65.    The Classes meet the requirements for certification to seek monetary relief under

24

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   Fed. R. Civ. P. 23(b)(3), as the questions of law or fact common to class members predominate

2   over questions affecting only individual members, and a class action is superior to other

3   available methods for fairly and efficiently adjudicating the controversy. Additionally,

4   individual actions may be dispositive of the interests of members of the Classes even though

5   certain members of the Classes are not parties to such actions.  Further, a class action is superior

6   to other available methods for the fair and efficient adjudication of the controversy, for at least

7   the following reasons:

8           a.      Absent a class action, class members as a practical matter will be unable

9   to obtain redress; Defendants' violations will continue without remedy; and additional

10  consumers will be harmed.

11          b.      It would be a substantial hardship for most individual members of the

12  Classes if they were forced to prosecute individual actions.

13          c.      A class action will permit an orderly and expeditious administration of

14  class claims and foster economies of time, effort, and expense.

15          d.      The lawsuit presents no difficulties that would impede its management by

16  the Court as a class action.

17          e.      Defendants have acted on grounds generally applicable to class members,

18  making class-wide relief appropriate.

19                          **IX.  CAUSES OF ACTION**

20                          **<u>FIRST CAUSE OF ACTION</u>**

21                          **Usury - RCW 19.52.030**
                            **(On behalf of Plaintiff and the Washington Class)**

22          66.     Plaintiff realleges and incorporates by reference each and every allegations set

23  forth in the preceding paragraphs.

24

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

67.     Under RCW 19.52.020, the maximum allowable interest rate in Washington has been twelve percent per annum since at least 2004. *See also* RCW 19.52.025; State Maximum Interest Rate, *available at* http://leg.wa.gov/CodeReviser/Documents/rates.htm.

68.     A contract is usurious if it provides for a rate of interest higher than the statutory maximum of twelve percent. RCW 19.52.030(1).

69.     If a contract is usurious, "the creditor shall only be entitled to the principal, less the amount of interest accruing thereon at the rate contracted for; and if interest shall have been paid, the creditor shall only be entitled to the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; and the debtor shall be entitled to costs and reasonable attorneys' fees plus the amount by which the amount the debtor has paid under the contract exceeds the amount to which the creditor is entitled." RCW 19.52.030(1).

70.     Defendants entered into usurious contracts with Plaintiff and Washington Class members by charging interest rates well in excess of twelve percent.

71.     Therefore, Plaintiff and Washington Class members are entitled to a declaration that Defendants' loan contracts are usurious. Plaintiff and Washington Class members are entitled to recover any amounts paid in excess of the amount Defendants are entitled to collect on the loans, pursuant to RCW 19.52.030.

## SECOND CAUSE OF ACTION

### *Per se* Violation of the Washington Consumer Protection Act – RCW 19.86.020 and RCW 19.52.036
### (On behalf of Plaintiff and the Washington Class)

72.     Plaintiff realleges and incorporates by reference each and every allegations set forth in the preceding paragraphs.

73.     Plaintiff and Washington Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

74.     Pursuant to RCW 19.52.036, "[e]ntering into or transacting a usurious contract" is per se "an unfair act or practice in the conduct of commerce for purposes of application of the consumer protection act."

75.     As alleged above, Defendants entered into usurious contracts with Plaintiff and Washington Class members by contracting for interest rates exceeding the statutory maximum of twelve percent. Thus, Defendants engaged in unfair acts or practices in the conduct of commerce.

76.     Defendants' deceptive acts or practices have impacted the public interest because they have injured Plaintiff and thousands of Washington residents by charging them interest in excess of the amount allowed by law.

77.     As a direct and proximate result of Defendants' unfair and deceptive acts and practices, Plaintiff and the Washington Class have been injured. Defendants' conduct has injured the property of Plaintiff and the other class members by charging and collecting interest that they were not legally entitled to charge or collect.

78.     Defendants' wrongdoing is continuing in nature and represents an ongoing threat to Plaintiff and Washington Class members, particularly since Defendants continue to make loans to Washington residents at usurious interest rates and continue to collect unlawful interest on usurious loans already made to Washington residents. Thus, Plaintiff and Washington Class members will suffer continuing, immediate, and irreparable injury absent the issuance of injunctive and equitable relief.

79.     Plaintiff and Washington Class members are entitled to recover actual damages, treble damages, and injunctive and equitable relief. In addition, Plaintiff and Washington Class members are entitled to recover attorneys' fees and costs pursuant to RCW 19.86.090.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## THIRD CAUSE OF ACTION

**Violation of the Washington Consumer Protection Act – RCW 19.86 – Deceptive Business Practice**
**(On behalf of Plaintiff and the Washington Class)**

80.     Plaintiff realleges and incorporates by reference each and every allegations set forth in the preceding paragraphs.

81.     Plaintiff and Washington Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

82.     Defendants engaged in deceptive acts that occurred in trade or commerce by conduct set forth above. These deceptive acts include the following:

a.      Attempting to avoid application of Washington usury law by improperly using tribal sovereign immunity as a shield for their activities;

b.      Representing or implying that state law does not apply to Plaintiff's and Washington Class members' loans;

c.      Charging interest rates that are well in excess of the rates allowed by law and demanding or collecting payment of this excessive interest.

83.     Defendants' deceptive acts and practices have occurred in trade or commerce.

84.     Defendants' deceptive acts or practices have impacted the public interest because they have injured Plaintiff and thousands of Washington residents by charging them interest in excess of the amount allowed by law. Defendants deceived Plaintiff and members of the Washington Class by representing or implying that they could legally charge interest rates of 400% or more because Defendants claim Spotloan is a tribal entity not subject to state law.

85.     As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff and the Washington Class have been injured. Defendants' conduct has injured the

CLASS ACTION COMPLAINT - 15

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   property of Plaintiff and the other class members by charging and collecting interest that they

2   were not legally entitled to charge or collect.

3        86.     Defendants' wrongdoing is continuing in nature and represents an ongoing threat

4   to Plaintiff and Washington Class members, particularly since Defendants continue to represent

5   that they are lawfully entitled to make loans exceeding Washington's usury cap, continue to

6   make loans to Washington residents at usurious interest rates, and continue to collect unlawful

7   interest on usurious loans already made to Washington residents. Thus, Plaintiff and

8   Washington Class members will suffer continuing, immediate, and irreparable injury absent the

9   issuance of injunctive and equitable relief.

10       87.     Plaintiff and Washington Class members are entitled to recover actual damages,

11  treble damages,and injunctive and equitable relief. In addition, Plaintiff and Washington Class

12  members are entitled to recover attorneys' fees and costs pursuant to RCW 19.86.090.

13  **<u>FOURTH CAUSE OF ACTION</u>**

14  **Violation of the Washington Consumer Protection Act – RCW 19.86 – Unfair Business Practice**
15  **(On behalf of Plaintiff and the Washington Class)**

16       88.     Plaintiff realleges and incorporates by reference each and every allegations set

17  forth in the preceding paragraphs.

18       89.     Plaintiff and Washington Class members are "persons" within the meaning of the

19  Washington Consumer Protection Act, RCW 19.86.010(1).

20       90.     Defendants engaged in unfair acts that occurred in trade or commerce by conduct

21  set forth above. These deceptive acts include the following:

22            a.     Attempting to avoid application of Washington usury law by improperly

23  using tribal sovereign immunity as a shield for their activities;

24

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

b.      Representing or implying that state law does not apply to Plaintiff's and Washington Class members' loans;

c.      Charging interest rates that are well in excess of the rates allowed by law and demanding or collecting payment of this excessive interest.

91.      Defendants' acts and practices are unfair because they: (1) cause substantial financial injury to Plaintiffs and members of the Washington Class; (2) are not outweighed by any countervailing benefits to consumers or competitors; and (3) are not reasonably avoidable by consumers. Defendants' acts and practices are also unfair because they are immoral, unethical, oppressive and unscrupulous.

92.      Defendants' unfair acts and practices have occurred in trade or commerce.

93.      Defendants' unfair acts or practices have impacted the public interest because they have injured Plaintiff and thousands of Washington residents by charging them interest in excess of the amount allowed by law. Defendants acted unfairly by representing or implying that they could legally charge interest rates of 400% or more because Defendants claim Spotloan is a tribal entity not subject to state law.

94.      As a direct and proximate result of Defendants' unfair acts and practices, Plaintiff and the Washington Class have been injured. Defendants' conduct has injured the property of Plaintiff and the other class members by charging and collecting interest that they were not legally entitled to charge or collect.

95.      Defendants' wrongdoing is continuing in nature and represents an ongoing threat to Plaintiff and Washington Class members, particularly since Defendants continue to represent that they are lawfully entitled to make loans exceeding Washington's usury cap, continue to make loans to Washington residents at usurious interest rates, and continue to collect unlawful

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

interest on usurious loans already made to Washington residents. Thus, Plaintiff and Washington Class members will suffer continuing, immediate, and irreparable injury absent the issuance of injunctive and equitable relief.

96.     Plaintiff and Washington Class members are entitled to recover actual damages, treble damages,and injunctive and equitable relief. In addition, Plaintiff and Washington Class members are entitled to recover attorneys' fees and costs pursuant to RCW 19.86.090.

## FIFTH CAUSE OF ACTION

### Violation of RICO, 18 U.S.C. §§ 1962(c) & (d)
### (On behalf of Plaintiff and the RICO Class)

97.     Plaintiff realleges and incorporates by reference each and every allegations set forth in the preceding paragraphs.

98.     Each Defendant is a "person" as that term is defined in 18 U.S.C. § 1964(3).

99.     The Enterprise, consisting of each named Defendant and the unnamed officers, executives, and other employees of BlueChip and ZestFinance, are an association in fact "enterprise" as that term is defined in 18 U.S.C. § 1961(4) associated for the common purpose of profiting off of the collection on unlawful debt by offering and collecting on loans to consumers throughout the United States through the online lender Spotloan.

100.     The Enterprise had an ongoing organization with an ascertainable structure, and functioned as a continuing unit with separate roles and responsibilities.

101.     Defendants violated § 1962(c) of RICO by participating, directly or indirectly, in the conduct of the Enterprise's affairs in the collection of unlawful debt.

102.     RICO defines "unlawful debt" as a debt which was incurred in connection with "the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate." 18 U.S.C. § 1961(6).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

103.    All of the loans made to Washington residents and collected by Defendants included an interest rate far in excess of twice the enforceable rate in Washington. Further, Defendants' loans to RICO Class members included interest rates in excess of twice the enforceable rate under other applicable state law.

104.    Defendants also violated 18 U.S.C. § 1962(d) by conspiring to use the Enterprise to collect unlawful debt. Each Defendant knowingly agreed to participate in the scheme alleged herein that allowed the Enterprise to make and collect unlawful debt at more than twice the lawful rate of interest under state usury laws.

105.    Plaintiff and RICO Class members were injured as a direct result of Defendants' violations of 18 U.S.C. § 1962(c) by, among other things, the payment of unlawful and usurious rates of interest on loans made by the Enterprise.

106.    This conduct began sometime in 2012, continues to date, and will be repeated again and again in the future to the detriment of Washington consumers and consumers nationwide.

107.    Accordingly, Defendants are jointly and severally liable to Plaintiff and the RICO Class for their actual damages, treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

## SIXTH CAUSE OF ACTION

### Unjust Enrichment
### (On behalf of Plaintiff and the Washington Class)

108.    Plaintiff realleges and incorporates by reference each and every allegations set forth in the preceding paragraphs.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

109.     To the detriment of Plaintiff and Class members, Defendants have been, and continue to be, unjustly enriched as a result of charging and collecting illegal, usurious interest rates.

110.     As between the parties, it would be unjust for Defendants to retain the benefits attained by their actions. Accordingly, Plaintiff seeks a full accounting and restitution of Defendants' enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful conduct alleged herein.

## X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

A.     An Order certifying the proposed Classes under Fed. R. Civ. P. 23(b)(2), and (b)(3) and appointing Plaintiff as class representative and her counsel as class counsel, as soon as practicable;

B.     An Order declaring that Defendants are financially responsible for notifying members of the Classes of the pendency of this suit;

C.     An Order declaring that Defendants have committed the violations of law alleged herein;

D.     An Order providing for any and all injunctive relief the Court deems appropriate;

E.     An Order awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount to be determined by the Court or jury;

F.     An Order awarding treble damages in accordance with proof and in an amount consistent with applicable precedent;

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1      G.      An Order awarding interest at the maximum allowable legal rate on the

2   foregoing sums;

3      H.      An Order awarding Plaintiff her reasonable costs and expenses of suit, including

4   attorneys' fees; and

5      I.      Such further relief as this Court may deem just and proper.

## XI.  DEMAND FOR JURY TRIAL

7   Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

8   RESPECTFULLY SUBMITTED AND DATED this 10th day of May, 2018.

9                           TERRELL MARSHALL LAW GROUP PLLC

11                  By:  /s/ Beth E. Terrell, WSBA #26759
                        Beth E. Terrell, WSBA #26759
                        Email:  bterrell@terrellmarshall.com

13                  By:  /s/ Elizabeth A. Adams, WSBA #49175
                        Elizabeth A. Adams, WSBA #49175
                        Email:  eadams@terrellmarshall.com
14                      936 North 34th Street, Suite 300
                        Seattle, Washington  98103
15                      Telephone:  (206) 816-6603
                        Facsimile:  (206) 319-5450

17                      E. Michelle Drake
                        Email:  emdrake@bm.net
                        John G. Albanese
18                      Email: jalbanese@bm.net
                        BERGER & MONTAGUE, P.C.
19                      43 SE Main Street, Suite 505
                        Minneapolis, Minnesota  55414
20                      Telephone: (612) 594-5999
                        Facsimile: (612) 584-4470

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CLASS ACTION COMPLAINT - 21

Matthew Wessler
Email: matt@guptawessler.com
GUPTA WESSLER PLLC
1735 20th Street, NW
Washington, D.C. 20009
Telephone: (202) 888-1741
Facsimile: (202) 888-7792

*Attorneys for Plaintiff and the Proposed Classes*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com