UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERESA TITUS, as an individual and as a representative of the class,<br><br>Plaintiff,<br><br>v.<br><br>ZESTFINANCE, INC., BLUECHIP FINANCIAL, and DOUGLAS MERRILL,<br><br>Defendants. | CASE NO. 18-5373 RJB<br><br>ORDER ON DEFENDANTS' MOTIONS TO STAY PROCEEDINGS AND FOR RELIEF FROM CASE SCHEDULING DEADLINES |

THIS MATTER comes before the Court on the Defendants' Motion to Stay Proceedings Pending Appeal of Order Denying Arbitration (Dkt. 57), Defendants' Motion for Relief from Scheduling Deadlines (Dkt. 58), and the parties' joint Stipulation Establishing Class Certification Motion Deadlines (Dkt. 59). The Court has considered the pleadings filed regarding the motions, and the remaining file.

This putative class action arises from a series of loans Defendants made to Plaintiff, which Plaintiff alleges carry triple digit interest rates (sometimes exceeding 400%), that violate

ORDER ON DEFENDANTS' MOTIONS TO STAY PROCEEDINGS AND FOR RELIEF FROM CASE SCHEDULING DEADLINES - 1

Washington State usury law, RCW 19.52.030, the Washington Consumer Protection Act, RCW 19.86.020, *et seq.* ("WCPA"), and unjustly enriches Defendants. Dkt. 1. Plaintiff also makes a claim against Defendants for violation of Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962, *et seq.* ("RICO"), asserting that the Defendants "associated for the common purpose of profiting off of the collection [of] unlawful debt by offering and collecting on loans to consumers throughout the United States . . ." Dkt. 1, at 18.

On October 18, 2018, the Defendants' motion to compel arbitration was denied. Dkt. 48. The Defendants filed notices of appeal regarding the order denying the motion to compel. Dkts. 55 and 56.

The Defendants now move to stay the case pending the appeal (Dkt. 57) and for relief from scheduling deadlines (Dkt. 58). The Plaintiff opposes these motions. Dkts. 64 and 66. The parties also submitted a joint proposed deadline for briefing on whether a class should be certified in this case. Dkt. 59. For the reasons provided below, the motion for a stay (Dkt. 58) should be granted, the motion for relief from scheduling deadlines (Dkt. 58) and the parties' proposed deadline for briefing on whether a class should be certified in this case (Dkt. 59) should be stricken as moot.

The background facts are in the October 18, 2018 Order on Defendants' Motion to Compel (Dkt. 58) and are adopted here by reference.

**DISCUSSION**

**A. MOTION TO STAY**

"A stay is not a matter of right. It is instead an exercise of judicial discretion that is dependent upon the circumstances of the particular case." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012)(*internal quotation marks and citations omitted*). In deciding whether to issue a

stay in the Ninth Circuit, courts consider four questions: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (*quoting Nken v. Holder*, 556 U.S. 418, 434 (2009)). "The first two factors are the most critical and the last two steps are reached once an applicant satisfies the first two factors." *Id.* (*internal quotation marks and citations omitted*).

1. <u>Strong Showing of Likelihood of Success on the Merits</u>

The parties dispute the degree of success the Defendants must show to prevail on this factor. The Ninth Circuit acknowledges that there is some uncertainty regarding the degree of success a party seeking a stay must show. *Leiva-Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011). It explains:

> There are many ways to articulate the minimum quantum of likely success necessary to justify a stay—be it a 'reasonable probability' or 'fair prospect,' . . . [or] 'a substantial case on the merits,' . . . or, . . . that 'serious legal questions are raised.' We think these formulations are essentially interchangeable, and that none of them demand a showing that success is more likely than not. Regardless of how one expresses the requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits.

*Id.*, at 967–68 (*internal citations omitted*).

The Defendants here have shown "at a minimum, that [they have] a substantial case for relief on the merits." The decision on whether to order arbitration was a close one. This factor weighs in favor of Defendants.

2. <u>Irreparable Injury Absent a Stay</u>

The Defendants point out that they will be injured absent a stay. They point out that they will be forced to engage in extensive discovery (especially if this case is certified as a class

action) that will be significantly unnecessary if their motion to compel arbitration is granted. This factor weighs in favor of Defendants.

### 3. Substantial Injury to Other Parties Interested in the Proceeding

The Plaintiff points out that she will continue to have to pay what, in her view, is an illegal loan, if a stay is granted. She asserts that other potential members of the class are also injured by staying the case. She maintains that they will also have to pay on their illegal loans, and that the individuals who take these types of loans are often people of little means. While the Plaintiff's and other potential parties to the litigation are in a rough spot, it is not clear that granting a stay will materially change this situation quickly. This factor weighs slightly in favor of the Plaintiff.

### 4. Public Interest

There is a strong public policy in favor of arbitration. There is a strong policy in Washington against usurious loans. This factor is neutral on whether to grant a stay.

### 5. Conclusion on Motion for a Stay

The Defendants' Motion to Stay Proceedings Pending Appeal of Order Denying Arbitration (Dkt. 57) should be granted. The Defendants have demonstrated that they have a "substantial case for relief on the merits" of their appeal. They have shown that, absent a stay, they would be forced to engage in (at least some) unnecessary discovery if the Ninth Circuit overturns this Court decision on the motion to compel. While the Plaintiff has shown that she and the other potential class members will be injured absent a stay, on balance, a stay is warranted. The motion for a stay should be granted.

**B. MOTIONS RELATING TO CASE SCHEDULE AND SETTING OF NEW DEADLINE FOR STATUS REPORT**

The Defendants' Motion for Relief from Scheduling Deadlines (Dkt. 58), and the parties' joint Stipulation Establishing Class Certification Motion Deadlines (Dkt. 59) should be stricken as moot. The parties should be ordered to file a status report with this Court within two weeks from the date the Ninth Circuit Court of Appeals issues a decision or, in any event, by August 9, 2019.

## ORDER

It is **ORDERED** that,

- Defendants' Motion to Stay Proceedings Pending Appeal of Order Denying Arbitration (Dkt. 57) **IS GRANTED;**

- **THIS CASE IS STAYED;**

- Defendants' Motion for Relief from Scheduling Deadlines (Dkt. 58) and the parties' joint Stipulation Establishing Class Certification Motion Deadlines (Dkt. 59) **ARE STRICKEN AS MOOT;** and

- The parties **SHALL FILE** a status report with this Court within two weeks from the date the Ninth Circuit Court of Appeals issues a decision or, in any event, by **August 9, 2019**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of November, 2018.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge