UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERESA TITUS, as an individual and as a representative of a class,<br><br>                      Plaintiff,<br><br>  v.<br><br>ZESTFINANCE, INC., BLUECHIP FINANCIAL, and DOUGLAS MERRILL,<br><br>                      Defendants. | CASE NO. 18-5373 RJB<br><br>ORDER ON MOTION TO VACATE DISMISSAL AND REOPEN CASE |

      THIS MATTER comes before the Court on BlueChip Financial's Motion to Vacate Dismissal and Reopen the Case. Dkt. 78. The Court has considered the pleadings filed regarding the motion and the remaining record.

      This putative class action arose from a series of loans Defendants made to Plaintiff, which Plaintiff alleged carried triple digit interest rates (sometimes exceeding 400%), that violated Washington State usury law, RCW 19.52.030, the Washington Consumer Protection Act, RCW 19.86.020, *et seq.* ("WCPA"), and unjustly enriched Defendants. Dkt. 1. Plaintiff

ORDER ON MOTION TO VACATE DISMISSAL AND REOPEN CASE - 1

also made a claim against Defendants for violation of Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962, *et seq.* ("RICO"), asserting that the Defendants "associated for the common purpose of profiting off of the collection [of] unlawful debt by offering and collecting on loans to consumers throughout the United States . . ." Dkt. 1, at 18.

On October 18, 2018, the Defendants' motion to compel arbitration was denied. Dkt. 48. The Defendants filed two notices of appeal regarding the order denying the motion to compel. Dkts. 55 and 56. Two cases were opened in the Ninth Circuit Court of Appeals, *Titus v. BlueChip Financial*, case number 18-35940, and *Titus v. ZestFinance, Inc. and Douglas Merrill*, case number 18-35943; the Ninth Circuit cases were later consolidated. The Defendants' motion to stay this case (before the undersigned) pending the appeal was granted on November 19, 2018. Dkt. 68.

On October 23, 2019, the Ninth Circuit Court of Appeals filed an order indicating that Titus and ZestFinance, Inc. and Douglas Merrill filed a stipulated motion to voluntarily dismiss the appeal. Dkt. 75. The order granted the motion and dismissed the appeal. *Id.* That order provided that it was to "constitute the mandate of this court as to case no. 18-35943 with Defendants-Appellants ZestFinance, Inc. and Douglas Merrill." *Id.*

On October 24, 2019, Plaintiff filed a Notice of Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Dkt. 76. In this notice, the Plaintiff voluntarily dismissed all claims she asserted against Defendants ZestFinance, Inc., BlueChip Financial, and Douglas Merrill with prejudice. *Id.* The notice further provides that the "dismissal shall be without an award of costs or fees to any party. No answer or motion for summary judgment has yet been filed." *Id.*

In the case before the Ninth Circuit Court of Appeals, Plaintiff filed a motion to dismiss the remaining appeal as moot (because she had voluntarily dismissed all claims with prejudice in this the underlying case). Dkt. 86.

The next day, on October 25, 2019, the undersigned entered an order, noting that the Ninth Circuit issued its mandate. Dkt. 77. The case was dismissed with prejudice in accord with the Plaintiff's notice of voluntary dismissal "without an award of attorneys' fees or costs to any party." *Id*.

On November 15, 2019, BlueChip Financial filed the instant motion, asserting that the Plaintiff "orchestrated a dismissal of this action through gamesmanship and misrepresentation." Dkt. 78. It argues that the Plaintiff failed to notify the Court that there were two separate but consolidated appeals, that only one of the appeals had been settled and voluntarily dismissed, failed to discuss whether it was proper to dismiss the putative class claims, or inform the Court that BlueChip Financial did not agree to waive costs. *Id*. BlueChip Financial moves the Court for an order vacating the dismissal with prejudice and allow BlueChip Financial to move for an award of costs. *Id*. BlueChip Financial also filed a separate Motion to Tax Costs. Dkt. 80.

The Plaintiff responds and does not oppose vacating the portion of the October 25, 2019 Order relating to the award of costs for BlueChip Financial. Dkt. 82. The Plaintiff takes issue with BlueChip Financial's characterization of her notice and states that she in no way intended to mislead the Court. *Id*. She acknowledges that the language related to costs was an inadvertent failure to limit her request to ZestFinance and Douglas Merrill. *Id*. She notes that under Fed. R. Civ. P. 41(a)(1)(A)(i), because there was no answer or motion for summary judgment filed, she was entitled to voluntarily dismiss all her claims with prejudice. *Id*. The Plaintiff further notes

that under the newly amended Fed. R. Civ. P. 23(e), if a class has not been certified, court approval of a Rule 41(a)(1)(A)(i) dismissal is no longer required. *Id.*

The same day the Plaintiff filed her response in this case, on December 2, 2019, the Ninth Circuit Court of Appeals issued its decision; it granted the Plaintiff's motion to dismiss the appeal as moot based on her Rule 41(a)(1)(A)(i) dismissal. Dkt. 86. That memorandum opinion provided:

> BlueChip's contentions that Titus acted improperly by failing to inform the district court that similar class actions were pending against BlueChip and failing to inform the district court and this Court of the terms of Titus's settlement agreement with other defendants do not change the fact that this action is no longer proceeding. Nor has BlueChip cited any authority for the proposition that it was improper for Titus to dismiss her action without explanation after the district court issued a stay order, and we have found none. Finally, because BlueChip failed to assert its counterclaims in an answer (which would have barred Titus's voluntary dismissal under Rule 41(a)(1)(A)(i)), BlueChip's assertions that it could have raised counterclaims against Titus are unavailing. . .
>
> It is irrelevant that Titus's counsel have filed putative class actions against BlueChip in other cases with other plaintiffs, because we may not look beyond the confines of the case itself in assessing mootness. Therefore, even if BlueChip is correct that Titus's attorneys engaged in "strategic voluntary cessation," such conduct does not affect our mootness analysis. BlueChip has not identified any cognizable collateral consequences arising within the "confines" of this case. Nor does the case's status as a putative class action affect our analysis. Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action.

*Id.* (*internal quotation marks and citations* omitted). The Ninth Circuit vacated this court's order denying the motion to compel arbitration because "Titus's unilateral action caused this case to become moot." *Id.*

## **RULE 41(a)(1)(A)(i)**

Fed. R. Civ. P. 41(a)(1)(A)(i), "Voluntary Dismissal . . . [b]y the Plaintiff . . . [w]ithout a Court Order" provides that: "the Plaintiff may dismiss an action without a court order by filing . .

ORDER ON MOTION TO VACATE DISMISSAL AND REOPEN CASE - 4

. a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." The language of Rule 41(a)(1) is unequivocal. *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993).

> The filing of notice itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

*Id.* (*internal quotations and citations omitted*).

To the extent that BlueChip Financial moves to reopen the case and vacate the dismissal, the motion (Dkt. 78) should be denied. When the Plaintiff filed her notice of voluntarily dismissal, this Court lost "jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001).

To the extent that BlueChip Financial moves to correct the portion of October 25, 2019 order relating to cost awards, the motion (Dkt. 78) should be granted. The Plaintiff does not oppose this part of the motion.

The October 25, 2019 order should be amended on page 2, line 1-2, as follows:

> In accord with the notice (Dkt. 76), this case **IS DISMISSED WITH PREJUDICE** and without an award of attorneys' fees or costs to Plaintiff Titus, Defendant ZestFinance, Inc., or Douglas Merrill. This order does not affect Defendant BlueChip Financial's motion to tax costs, if any.

End of amendment.

The amendment of the October 25, 2019 order could have been achieved with much less paper and litigation. BlueChip Financial's remaining contentions were either addressed by the Ninth Circuit or do not have merit.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of December, 2019.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge